# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1419EA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Monty R. Hobbs; Patte A. Hobbs, | * | [UNPUBLISHED] |
| | * | |
| Appellants. | * | |

_____

Submitted: November 17, 1998
Filed: November 27, 1998

_____

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and DAWSON,* District
Judge.

_____

PER CURIAM.

Monty R. Hobbs and Patte A. Hobbs operated a successful construction business. In 1990 and 1991, the Hobbses filed fraudulent joint personal income tax returns and a jury convicted them for aiding and abetting in false tax returns. We affirm.

_____

*The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

Initially, the Hobbses contend the evidence does not support their convictions. The Government offered into evidence checks totaling more than one million dollars written to the Hobbses for homes built in 1990 and 1991, personal profit and loss statements showing the Hobbses' annual net income for 1990 and 1991 exceeded one hundred thousand dollars, and signed tax returns the Hobbses submitted to lending institutions listing substantially greater incomes than the returns filed with the Internal Revenue Service. Also, former employees testified about the Hobbses' fraudulent tax plans. Having reviewed the record, we conclude sufficient evidence exists from which a reasonable jury could find the Hobbses guilty beyond a reasonable doubt. See United States v. Bussey, 942 F.2d 1241, 1251 (8th Cir. 1991).

Next, the Hobbses contend the Government improperly questioned Monty Hobbs about his views on the bombing of the federal building in Oklahoma City. They also claim the district court erroneously failed to give a curative instruction or declare a mistrial sua sponte following the question. The district court sustained the Hobbses' objection to the unanswered question, and they did not ask the district court for the relief they now seek, so we review for plain error and find none. See United States v. Olano, 507 U.S. 725, 732-37 (1993).

Finally, the Hobbses assert the district court improperly instructed the jury on willful blindness. The Hobbses claim they are innocent because they relied on their accountant to set up their business and to file their tax returns, and they had no reason to believe their accountant acted fraudulently. After considering the record and viewing the evidence in a light most favorable to the Government, we find no error in the district court's instruction. See Bussey, 942 F.2d at 1246-48. Even if we assume an error, we believe the error was harmless given the overwhelming evidence against the Hobbses. See Mattingly v. United States, 924 F.2d 785, 792 (8th Cir. 1991).

We affirm the Hobbses' convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.